## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-166

GRAVINA SIDING & WINDOWS, CO., a Colorado Corporation,

        Plaintiff,

    v.

GRAVINA'S WINDOW SERVICE d/b/a GRAVINA'S WINDOWS OF DENVER, a Colorado Corporation and JEFFREY GRAVINA, an individual.
        Defendant.

---

## COMPLAINT

---

Plaintiff Gravina Siding & Windows Co., Inc. ("Gravina" or "Plaintiff"), by and through its undersigned counsel, brings this action against Gravina's Window Service, Inc. d/b/a Gravina's Windows of Denver and Jeffrey Gravina (together "Defendants") and alleges as follows:

### THE PARTIES

1.    Plaintiff Gravina Siding & Windows Co., Inc. is a Colorado corporation in good standing with its principle place of business located at 950 W. Evans Avenue, Denver, CO 80223.

2.    Defendant Gravina's Window Service, Inc. d/b/a Gravina's Windows of Denver ("GWS") is a Colorado corporation located at 89 W. Littleton Blvd, Littleton, CO 80120.

3.    Defendant Jeffrey Gravina is an individual who resides at 5675 W. Mansfield Avenue, Denver, CO 80235. Upon information and belief, he is a principal, officer, and controlling shareholder of GWS.

## JURISDICTION AND VENUE

4.     This action arises under the trademark laws of the United States, Title 15, United States Code, for violation of the Colorado Consumer Protection Act, and for trademark infringement, unfair competition, and unjust enrichment under Colorado common law. This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(b), and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

5.     Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) because Defendants' conduct business from a principal place of business within this jurisdiction and has committed the tortious activities of trademark infringement and unfair competition, which form the basis of this action, within this District. Defendant GWS is a Colorado corporation and therefore is deemed to reside in this District. Defendant Jeffrey Gravina resides and conducts business in this District. Defendants have sufficient minimum contacts with this District such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered to sell, sold and provided products that infringe the trademark of Plaintiff from this judicial District for Defendants' own commercial gain and has exploited Colorado's extensive marketplace, despite Plaintiff's intellectual property rights within this jurisdiction.

## GENERAL ALLEGATIONS

**A.**    ***The GRAVINA'S Mark***

6.    Plaintiff Gravina is a premier provider of metal and non-metal doors, door fittings, door frames and jams, door hardware, screen doors, sliding doors, storm doors, patio doors, pet doors, windows, window screens, window shutters, siding and other various products ("Products").

7.    Since commencing business in 1988, Plaintiff has been successful in achieving its goals of becoming recognized as a top-flight siding and window provider in the region and beyond. As a result of that success, the consuming public has come to associate the name "Gravina" and "Gravina's" with its quality of Products.

8.    For over 30 years, since at least as early as July 21, 1988, Plaintiff has provided its Products under the mark "Gravina's" (the "GRAVINA'S Mark").

9.    Since July 21, 1988, Plaintiff has engaged in extensive advertising under the GRAVINA'S Mark, including online, radio and print advertising. It has also developed significant goodwill via word of mouth over the last 30 years.

10.    As a result of Plaintiff's long and continuous use and promotion of the GRAVINA'S Mark, Plaintiff has acquired valuable common law rights in the mark.

11.    Over the years, Plaintiff has filed numerous other documents with the Colorado Secretary of State relating to its common law use of the GRAVINA'S Mark.

12.    In accordance with the provisions of federal law, Plaintiff has registered the GRAVINA'S Mark on the Principal Register of the United States Patent and Trademark Office. *See* U.S. Registration No. 5,128,543. Plaintiff's registration is valid and subsisting. True and

3

correct copy of the registration is attached as **Exhibit A**. The application for that mark was filed on June 16, 2016, thus establishing nationwide priority on that date. An image of the standard character mark as depicted in the records of the United States Patent and Trademark Office is shown below:

# Gravina's

13.     Plaintiff is the owner of the federal registration for the GRAVINA'S Mark and otherwise has full rights to use and enforce that mark.

14.     Plaintiff's federal registration for the GRAVINA'S Mark relates to products in International Classifications 006 and 019 for a broad range of Plaintiff's metal and non-metal Products, including doors, door fittings, door frames and jams, door hardware, screen doors, sliding doors, storm doors, patio doors, pet doors, windows, window screens, window shutters, siding and other various Products.

15.     Plaintiff's federal registration for the GRAVINA'S Mark provides Plaintiff with a broad range of exclusive national rights to the name "Gravina's" in connection with its Products.

**B.     Defendants' Infringement of the GRAVINA'S Mark and Acts of Unfair Competition**

16.     Despite Plaintiff's state and federal trademark registrations and extensive use of the GRAVINA'S Mark for over 30 years, Defendants have begun offering the same type of products as offered by the Plaintiff under the identical GRAVINA'S Mark.

17.     Defendant's use of the GRAVINA'S Mark comes after Plaintiff filed for registration of the GRAVINA'S Mark.

18.     Jeffrey Gravina is the founder and principal of GWS, and has personally engaged in the acts complained of herein.

19.     On June 26, 2018, Jeffrey Gravina filed Articles of Incorporation for a Profit Corporation thereby incorporating Defendant GWS in Colorado under the name "Gravina's Window Service" and thus using the GRAVINA'S Mark. *See* Articles of Incorporation, attached as **Exhibit B**.

20.     Also on June 26, 2018, Jeffrey Gravina filed a Statement of Trade Name Reporting Entity to reflect GWS's use of the trade name "Gravina's Windows of Denver" in association with the business of "window and door replacement." *See* Statement of Trade Name, attached as **Exhibit C**.

21.     Jeffrey Gravina is currently marketing and selling products under both the names "Gravina Window Service" and "Gravina's Windows of Denver."

22.     The word "Gravina's" is the dominant characteristic of both Plaintiff's and Defendants' use of the GRAVINA'S Mark.

23.     Jeffrey Gravina is the nephew of Larry Gravina, the founder of Plaintiff. Therefore, Jeffrey Gravina has been aware of the Plaintiff's use of the GRAVINA'S Mark for nearly all of its 30 years of existence.

24.     Plaintiff has never authorized or consented to Defendants' use of the GRAVINA'S Mark, or any marks confusingly similar to the GRAVINA'S Mark, including use of the names "Gravina's Window Service" or "Gravina's Windows of Denver."

25.     Only after Plaintiff realized success under its GRAVINA'S Mark did Defendants start using the GRAVINA'S Mark.

26.     It is clear that the intent of Defendants in using the GRAVINA'S Mark is to profit from the name and goodwill of Plaintiff, as well as its extensive advertising campaigns and other promotional activities it has engaged in over the last 30 years.

27.     Defendants maintain a website located at the following domain: www.gravinaswindowservice.com (the "Website"). Defendants also maintain the website found at www.gravinaswindowsofdenver.com.

28.     The Website clearly displays the GRAVINA'S Mark, which causes confusion with the GRAVINA'S Mark.

29.     The domain of the Website incorporates and uses the GRAVINA'S Mark in a manner that infringes the GRAVINA's Mark (the "Website Domain").

30.     When one performs a search for "Gravina's" or "Gravina" on the Internet, they are directed to Defendants' Website:



31.     Once on the Website, a user notices the use of the GRAVINA'S Mark in association with products similar to, or identical to, the Products of the Plaintiff:



32.     The Website Domain is depicted below:



33.     This is likely to confuse a customer, or potential customer, into believing that they have arrived at the legitimate website of Plaintiff and are otherwise dealing with it, rather than a newer, totally different company. This is exacerbated by the Website's use of the GRAVINA'S Mark.

34.     On its Website, Defendants claim to have an affiliation with Gravina's Window Center of Littleton, a company that was created on April 23, 1992, over four years after Plaintiff commenced its successful window, door and siding business.

35. It appears that the sole purpose of the Website and Website Domain is to divert online customers who are attempting to find Plaintiff's legitimate site, and then confuse them into becoming Defendants' customers.

36. Based on at least Defendants' use of the GRAVINA'S Mark and the Website Domain, it has violated and continues to violate Plaintiff's exclusive rights to the GRAVINA'S Mark. This results in confusion to Plaintiff's customers while aiding in the promotion and sales of its own window and door products.

37. Defendants' conduct began long after Plaintiff's adoption and use of the GRAVINA'S Mark. Defendants had knowledge of Plaintiff's ownership of the GRAVINA'S Mark prior to the actions alleged herein and adopted them in bad faith and with intent to cause confusion, tarnish, counterfeit and dilute the GRAVINA'S Mark.

38. In committing these acts, Defendants have, among other things, willfully and in bad faith (1) infringed the GRAVINA'S Mark, (2) misled the consuming public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff, (3) used false designations of origin on or in connection with its products, (4) wrongfully used the Website Domain to divert traffic to its Website, and (5) unfairly profited from such activities.

39. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement – 15 U.S.C. § 1114

40. Plaintiff repeats the allegations in the preceding paragraphs as though fully set forth herein.

41.     The acts of Defendants complained of herein constitute infringement of Plaintiff's federally registered GRAVINA'S Mark in violation of 15 U.S.C. § 1114(1).

42.     Defendants are and at the time of the actions complained of herein were actually aware that the GRAVINA'S Mark was that of Plaintiff. At the time of the filing of this Complaint, Defendants knew that the GRAVINA'S Mark was registered with the United States Patent and Trademark Office and was informed of this fact in writing on two different occasions.

43.     Defendants did not obtain the consent or authorization of Plaintiff as the owner of the federally registered GRAVINA'S Mark to market and promote its products under the GRAVINA'S Mark or Website Domain, which is identical to the GRAVINA'S Mark.

44.     Defendants intentionally and knowingly used in commerce the GRAVINA'S Mark in connection with the offering, advertising, marketing, promotion and sale of products identical to those provided by Plaintiff.

45.     Defendants' egregious and intentional use of the GRAVINA'S Mark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' products are those of Plaintiff.

46.     Defendants' acts have been committed with knowledge of Plaintiff's exclusive right and goodwill in the GRAVINA'S Mark, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

47.     Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss, and damage to its rights in and to the GRAVINA'S Mark and the goodwill associated therewith, for which it has no adequate remedy at law.

48.    Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the GRAVINA's Mark, and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the GRAVINA'S Mark. In view of the egregious nature of Defendants' infringement, Plaintiff requests and is entitled to injunctive relief as provided by 15 U.S.C. § 1116 and damages pursuant to 15 U.S.C. § 1117, including Defendants' profits, treble damages, reasonable attorney fees, costs, statutory damages, and/or prejudgment interest.

### SECOND CLAIM FOR RELIEF
**Violation of Lanham Act Section 43(a)**

49.    Plaintiff repeats the allegations in the preceding paragraphs as though fully set forth herein.

50.    The acts of Defendants complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.    Defendants have without authorization, or in connection with its products used in commerce the GRAVINA'S Mark and Website Domain, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and/or as to origin, sponsorship or approval of Defendants' products or commercial activities.

52.    Defendants' conduct has unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of the GRAVINA'S Mark.

53.     On information and belief, the Defendants' conduct has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

54.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of the GRAVINA'S Mark would cause confusion, mistake, or deception by customers, and/or members of the consuming public.

55.     Defendants' egregious and intentional use of the GRAVINA'S Mark and Website Domain in connection with the marketing and sales of its products is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers into believing that the products of Defendants are actually those of Plaintiff.

56.     Defendants' continuing and knowing use of the GRAVINA'S Mark constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

57.     Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's goodwill and marketing, advertising, and consumer recognition.

58.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorney fees, costs and prejudgment interest.

### THIRD CLAIM FOR RELIEF
**Violation of the Colorado Consumer Protection Act – C.R.S. § 6-1-101 *et. seq.***

59.    Plaintiff repeats the allegations in the preceding paragraphs as though fully set forth herein.

60.    By marketing, advertising, promoting and otherwise using the GRAVINA'S Mark and Website Domain in connection with its products, Defendants have engaged in deceptive trade practices in violation of the *Colorado Consumer Protection Act,* C.R.S. § 6-1-101, *et. seq.*

61.    Defendants' use of the GRAVINA'S Mark and Website Domain in connection with the marketing, advertising, promoting and sale of its products would cause confusion, mistake, and deception among purchasers, users and the public.

62.    Through the use of the GRAVINA'S Mark and Website Domain, Defendants' have engaged in unfair and deceptive trade practices by knowingly making false representations as to affiliation, connection, and association with, or certification by, the Plaintiff in violation of at least C.R.S. § 6-1-105(1)(a), (b), and (c).

63.    The unfair and deceptive trade practices were made by the Defendants in the course of their business, vocation and occupation.

64.    The Defendants have significantly impacted the public as actual or potential consumers of Defendants' goods.

65.    The Plaintiff has suffered injury in fact to a legally protected interest that has been caused by Defendants' unfair and deceptive trade practices.

66.    Defendants intended to, did and will continue to, induce customers to use Defendants' products by trading off of the goodwill of the GRAVINA'S Mark.

67.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, and willful and intended to cause confusion, or to cause mistake or deceive, and in disregard of Plaintiff's rights.

68.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial profits from selling products under the GRAVINA'S Mark, and from Plaintiff's promotional and advertising efforts conducted in connection with the GRAVINA'S Mark.

69.     As a direct and proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff has and will be deprived of substantial sales of its Products in an amount yet unknown, and will also be deprived of the value of the GRAVINA'S Mark.

70.     Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above. Therefore, Plaintiff is entitled to, and does, seek injunctive relief.

**FOURTH CLAIM FOR RELIEF**
**Common Law Trademark Infringement**

71.     Plaintiff repeats the allegations in the preceding paragraphs as though fully set forth herein.

72.     Plaintiff has a protectable interest in the GRAVINA'S Mark, and the mark "Gravina's Windows" registered with the Colorado Secretary of State, and other marks confusingly similar to such marks.

73.     The Defendants use the GRAVINA'S Mark in commerce.

74.     The Defendants' use of the GRAVINA'S Mark has caused, and will continue to cause, a likelihood of consumer confusion.

75.     Accordingly, Defendants have committed common law trademark infringement.

## FIFTH CLAIM FOR RELIEF
### Common Law Unfair Competition

76.     Plaintiff repeats the allegations in the preceding paragraphs as though fully set forth herein.

77.     The GRAVINA'S Mark has acquired a secondary meaning or significance that identifies the Plaintiff.

78.     The Defendants have unfairly used the name GRAVINA'S against the Plaintiff.

79.     Therefore, the acts of Defendants complained of herein constitute unfair competition in violation of Colorado common law.

## SIXTH CLAIM FOR RELIEF
### Common Law Unjust Enrichment

80.     Plaintiff repeats the allegations in the preceding paragraphs as though fully set forth herein.

81.     The Defendants received the benefit of Plaintiff's significant branding and goodwill, as well as the benefit of all of its advertising and promotional efforts, at the expense of Plaintiff under circumstances that would make it unjust for them to retain such benefits without compensating Plaintiff for the same.

82.     Accordingly, the acts of Defendants complained of herein constitute unjust enrichment of Defendants.

## JURY DEMAND

Plaintiff seeks a trial by jury on all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gravina Siding & Windows Co., Inc. prays for judgment against
Defendants Gravina's Window Service, Inc. d/b/a Gravina's Windows of Denver and Jeffrey
Gravina as follows:

A.    For an award of Defendants' profits and Plaintiff's damages in an amount to be
proven at trial for trademark infringement under 15 U.S.C. §1114(a);

B.    For an award of Defendants' profits and Plaintiff's damages in an amount to be
proven at trial for false designation of origin and unfair competition under 15
U.S.C. §1125(a);

C.    For an accounting of Defendants' profits, and that the Court grant Plaintiff three
times that amount in the Court's discretion;

D.    In the alternative to actual damages and Defendants' profits, for statutory
damages up to $2,000,000.00 per counterfeit mark per type of products provided
or offered for sale as the court considers just, which election Plaintiff will make
prior to the rendering of final judgment;

E.    For all damages and relief provided for under C.R.S. § 6-1-101, *et. seq.*;

F.    For injunctive relief from this Court prohibiting Defendants, their officers, agents,
servants, employees, and attorneys, and other persons who are in active concert or
participation with any of them from engaging or continuing to engage in the
unlawful, unfair, or fraudulent business acts or practices described herein,
including the advertising of products under the GRAVINA'S Mark, the
unauthorized use of the GRAVINA'S Mark or any mark confusingly similar to

that mark, the Website and its Website Domain using the word "Gravina's" or "Gravina," and any other act of trademark infringement, unfair competition or other act in derogation of Plaintiff's rights;

G.      For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff, and to cause the Website Domain to be transferred to Plaintiff;

H.      For destruction of any infringing articles in Defendants' possession under 15 U.S.C. §1118;

I.      Defendants file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

J.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

K.      Finding this to be an exceptional case under 15 U.S.C. § 1117 and awarding Plaintiff its costs (including expert witness fees), disbursements, and reasonable attorney fees incurred in this action, and such other relief as may be appropriate;

L.      Awarding Plaintiff pre-judgment interest and post-judgment interest as allowed by law; and

M.      Granting such other and further relief as this Court may deem just and proper.

DATED this 18th day of January 2019.

s/ *Michael P. Dulin*
Michael P. Dulin
**POLSINELLI PC**
1401 Lawrence Street, Suite 2300
Denver, CO  80202
Telephone: 303-572-9300
FAX:  303-572-7883
E-mail:  mdulin@polsinelli.com
*Attorney for Plaintiff Gravina Siding & Windows Co.*

Address of Plaintiff:
950 W. Evans Avenue
Denver, CO 80223