**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-166-JLK

GRAVINA SIDING & WINDOWS, CO., a Colorado Corporation,

      Plaintiff,

      v.

GRAVINA'S WINDOW SERVICE d/b/a GRAVINA'S WINDOWS OF DENVER, a Colorado corporation; and JEFFREY GRAVINA, an individual

      Defendants/Cross-Plaintiffs

      v.

LARRY GRAVINA, an individual

---

## COUNTERCLAIM & CROSS-CLAIM OF DEFENDANTS

---

Thomas P. Walsh, III
T. Walsh Law Firm, Ltd.
7350 E Progress Place, Ste 100
Greenwood Village, CO 80111
(T) 720-204-5672
(F) 720-240-0757
tom@walshiplaw.com

*Attorney for Defendants/Cross-Plaintiffs*

# TABLE OF CONTENTS

I. CLAIMS, JURISDICTION, AND VENUE ........................................................................ 3

II. THE PARTIES ........................................................................................................... 3

III. STATEMENT OF FACTS ........................................................................................... 4

    A. GRAVINA DERIVATION ..................................................................................... 4

    B. USE OF GRAVINA SURNAME IN WINDOWS AND SIDING SERVICE 1973 1992 .. 5

    C. MULTIPLE GRAVINA SURNAME IN WINDOW AND SIDING 1988 - PRESENT .... 8

    D. FACTS RELATED TO USPTO REG. 5,128,543 AND VAR. CO TRADEMARKS ..... 12

    E. FACTS RELATED TO LENHAM ACT 43(A) CLAIMS ............................................ 15

IV. CLAIMS FOR RELIEF BASED ON FEDERAL JURISDICTION ................................... 17

    A. DECLARATION OF NON-INFRINGEMENT ........................................................... 17

    B. FALSE ADVERTISING ........................................................................................ 18

    C. MISREPRESENTATION ...................................................................................... 19

    D. CANCELLATION ................................................................................................ 19

        1. Primarily Merely a Surname ....................................................................... 20

        2. Non-Use ...................................................................................................... 21

        3. Abadondment of Use .................................................................................. 22

        4. Priority ....................................................................................................... 22

V. CLAIMS FOR RELIEF BASED ON FEDERAL JURISDICTION 22 ............................... 24

    A. VIOLATION OF COLORADO COMSUMER PROTECT ACT ................................... 24

    B. COMMON LAW UNJUST ENRICHMENT ............................................................. 26

VI. PRAYER FOR RELIEF ............................................................................................... 27

By way of counterclaim and cross claim against Plaintiff, Gravina Siding & Windows, CO., and against Cross Defendant Larry Gravina, the Defendants, Jeffrey Gravina and Gravina's Window Service alleges:

## I.  CLAIMS, JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, as well as under 28 U.S.C. § 1331 and 1338(b).

2. The Court has supplemental jurisdiction over the Defendants' state law claims under 28 U.S.C. § 1367(a)).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because each of the Plaintiff and the Cross-Defendant, Larry Gravina, is doing business and "resides" in this judicial district as defined by 28 U.S.C. §1391(c), and a substantial part of the events or omissions giving rise to this claim occurred in this district.

## II.  THE PARTIES

4. The Defendants/Cross-Plaintiffs reincorporate their responses set forth in the Amended Answer as if fully incorporated herein.

5. Larry Gravina (the "Cross Defendant") is the uncle of Defendant Jeffrey Gravina.

6. The Cross Defendant, upon information and belief, is the CEO, President and sole owner of the Plaintiff, Gravina Siding & Windows, CO, and has been since at least as early as 1988. His address is listed as 6257 W. Prentice Avenue, Littleton, Colorado.

7. Defendant Gravina's Window Service is co-owned by Defendant Jeffrey Gravina and his father, James Gravina. James Gravina and Cross Defendant Larry Gravina are brothers.

### III.  STATEMENT OF FACTS

#### A.  GRAVINA DERIVATION

8. Gravina is a town and *comme* in the Metropolitan City of Bari, in the Region of Apulia in the Country of Italy (See Exhibit A).[1]

9. The word "gravina" comes from the Latin grava or from the mesapic graba and has a meaning of rock, shaft and erosion of a bank river.  According to Google Translate, "gravina" has derived to mean ravine in English (See Exhibit B).

10. Gravina is also a *denominazione di orgin controllata* (DOC) for an Italian white wine made in a still or sparkling style (See Exhibit C).

11. According to the Plaintiff's counsel and as verified through Census records, Gravina is also the 35,690[th] most popular surname in the United States (out of 162,253 surnames in the 2010 census used) (See Exhibit D and E researched, pled at the USPTO TTAB and forwarded by Paul Borovay, Associate, Polsinelli).  This places the Gravina surname well in the top quartile of all surnames used in the United States.

12. The surname Gravina is likely prevalent because of the great Italian migration which occurred between 1900-1914 around the beginning of World War 1 (See Exhibit F: a detailed report on the surname Gravina's including history on the Great Migration published by Swyrich Corporation).

---

[1] To the extent an Exhibit has been downloaded from the internet, the date of the download is reflected on the document or placed in captions after the Exhibit.

13. In the case of Gravina's, the "mark" at issue, it is the surname of Anthony Gravina (deceased). Anthony Gravina is the grandfather of Defendant Jeffrey Gravina, and the father of Cross Defendant, Larry Gravina.

14. Anthony Gravina is the paternal grandfather of Larry Gravina's son, Nicholas Gravina. Upon information and belief, Nicholas Gravina is the general manager of Plaintiff Gravina's Siding & Windows, Co.

15. Anthony Gravina is the paternal grandfather of Larry Gravina's daughter, Gina Gravina, who, upon information and belief, worked at Plaintiff Gravina's Siding & Windows, Co., for over a decade, and now has her own business using the surname Gravina's.

16. Anthony Gravina is the father of the James Gravina and father-in-law to Gail Gravina, the wife of James Gravina. James and Gail Gravina are the parents of Defendant Jeffrey Gravina.

17.  Anthony Gravina is grandfather to James Gravina and Gail Gravina's descendants: Defendant Jeffrey Gravina, and Christine Gravina, Michael Gravina, Jennifer Ramirez *née* Gravina, Lisa Bickerstaff *née* Gravina, Jonathan Gravina, and Jake Gravina.

18. Anthony Gravina is brother to Gus Gravina (deceased) who had a son Gary Gravina.

19. In addition to Larry and James Gravina, Anthony Gravina had five other children: Sharon Mazotti *née* Gravina, Carol McElroy *née* Gravina, Jean Gravina, John Gravina, and Mike Gravina.

20. Anthony Gravina is maternal grandfather to Carol McElroy's son, Matthew Gravina.

21. With the exception of Carol McElroy, each individual listed in Paragraphs 13 through 20 above is or has been involved for years in the windows and siding services business in the Denver Metropolitan Area (as defined by Wikipedia- see Exhibit G).

22. Anthony Gravina was born in Brooklyn, New York after his parents immigrated from Campobasso Italy which is approximately 150 miles from Gravina, Italy (The former is northeast of Naples, and the latter is southeast of Naples).

23. Anthony Gravina was raised in the Denver Metropolitan Area with five brothers (all with the surname Gravina) and three sisters named Gravina prior to marriage.

24. Anthony Gravina married Lela Gravina *née* Fells and they had seven children: Sharon Mazotti *née* Gravina, Larry Gravina, James Gravina, Carol McElroy *née* Gravina, John Gravina, Jean Gravina, and Mike Gravina. A family tree–prepared by the undersigned– is attached as Exhibit H (those involved in the window and siding business indicated with bold outline).

25. Between 1951 and his death in 2007 Anthony Gravina was continuously involved in the window and siding service business in the Denver Metropolitan Area including roles as owner, entrepreneur, installer, sales, marketing and factory representative (See Exhibit I).

26. Through 1951 and 1967, Anthony Gravina started working in the window and siding installation business with a company named ALSCO which subsequently ceased doing business.

27. In 1967, Anthony Gravina became a partner of ALCO, which was another window and siding services business.

28. After approximately three years at ALCO, Anthony left his partnership at ALCO and with the inclusion of his sons, Cross Defendant Larry Gravina and James Gravina, opened a new corporation using the ALSCO name. At times ALSCO was advertised or otherwise held out

as ALSCO, ALSCO Cardinal Building Specialists, Aluminum Building Products, Inc., and "ALSCO-ARCO-DUPONT-TEDLAR Owned and Operated by Tony, Larry, John, & Mike Gravina: (hereinafter "Gravina's ALSCO") (See Exhibit J).

29. At various times between 1970 and the present, every one of Anthony Gravina's decedents including Sharon Mazotti *née* Gravina, Larry Gravina, James Gravina, John Gravina, Jean Gravina, and Mike Gravina worked at Gravina's ALSCO. Most, including Larry Gravina and James Gravina owned or controlled Gravina's ALSCO (See Exhibit K).

30. In 1973, James Gravina and Gail Gravina formed a small supplemental income business, Gravina's Construction d.b.a. Gravina's Home Improvement Center (hereinafter "Gravina's HIC"), which did general small construction including sold and installed windows and siding (See e.g. Exhibit L).

31. Between 1973 and 1981, although Gravina's ALSCO and Gravina's HIC performed similar services, James Gravina was integrally involved in Gravina's ALSCO. Among other things, James Gravina was part owner of the real estate that Gravina's ALSCO operated in and on: the first at address at 830 S. Lipan Street, Denver, Colorado and formerly 1277 South Cherokee Street, Denver, Colorado. Second, Anthony Gravina relied on the business acumen, advice and assistance of James Gravina, who received ALSCO profits distributions from time to time. Additionally, the relevant businesses would cross refer to each other.

32. In 1981, James Gravina, at the time an Officer of Gravina's ALSCO, noted what he considered mounting financial irregularities he believed were caused by Cross Defendant Larry Gravina, then Secretary of Gravina's ALSCO. During this period, upon information and belief, Larry Gravina was suffering from substance addiction issues while operating Gravina's ALSCO.

33. During 1987 or 1988, Larry Gravina, relinquished his shares of Gravina's ALSCO and his remaining one quarter interest in the underlying 1277 South Cherokee property to the remaining vested Gravinas. He entered into inpatient treatment facility in New Mexico. Upon information and belief, Third-Party Defendant's treatment was financed by Anthony Gravina.

34. The issues in Paragraphs 32 and 33 caused tension and animosity between the Officers of Gravinas who all many including James Gravina, had a financial interest in Gravina's ALSCO.

35. Following Larry Gravina's departure from the windows and siding business in the Denver Metropolitan Area, Gravina's ALSCO remained in business.

36. Based, in part, on the issues in Paragraphs 32 and 33 James Gravina, made the decision to completely exit the Gravina's ALSCO company and focused on Gravina's HIC.

C.   <u>MULTIPLE BUSINESSES IN WINDOWS AND SIDING WITH THE GRAVINA'S SURNAME BETWEEN 1988 AND PRESENT</u>

37. Sometime after Larry Gravina departed the Denver Metropolitan Area for New Mexico, the remaining vested Gravina's either changed their corporate name to U.S. National Financial Services, Inc. or immediately formed a new organization , with John Gravina, and Jean Gravina at varying times listed as officers. At present, Jean Gravina is the sole owner and operator. Tradenames utilized and formally secured by US National Financial Services, Inc. include Gravina Patio and Sunroom Inc., Gravina ALSCO Cardinal Home Improvement, Inc. and ALSCO Cardinal Home Improvement, Inc. (See Exhibit M).

38. Upon information and belief, Cross Defendant Larry Gravina returned to the Denver Metropolitan area from New Mexico in 1986 and resumed some involvement in Gravina's ALSCO.

39. In 1988, Larry Gravina terminated involvement with Gravina's ALSCO and opened Gravina's Siding & Construction, Co., the Plaintiff in this case and a competitor to Gravina's ALSCO and Gravina's HIC.

40. On or about July 22, 1988, Larry Gravina began utilizing the tradename "L. Anthony Gravina Siding and Constructi" (sic.) (See Exhibit N).

41. Larry Gravina's use of the then retired patriarch Anthony Gravina's name, caused additional tension between some of Anthony Gravina's direct progeny and Larry Gravina, because the name, L. Anthony Gravina Siding and Construction implied that Larry Gravina's business was owned or operated by Anthony Gravina.

42. On or about May 3, 1996, Larry Gravina changed the name of Gravina's Siding & Construction, Co. to Gravina Siding & Windows, Co. (See Exhibit O).

43. On or about August 31, 1992, Gail Gravina and James Gravina ceased operating their solely held business as Gravina's HIC and *sine die* began operating Gravina's Andersen Windows Center, Inc. (hereinafter Gravina's WC).  At no time during this transition did Gravina's cease using the surname Gravina's in operating such business and there was no interruption in business.  At that point, Gravina's WC went from a general window, siding and other miscellaneous home construction business to generally providing window products from a particular manufacturer, Andersen Corporation.

44. With family rifts rapidly expanding, much to the consternation of other Gravinas operating in the windows and siding installation business, Larry Gravina attempted to utilize the family's Gravina ALSCO Cardinal Home Improvement as a tradename.  This was done despite knowledge that Larry Gravina's business was competing with (still in business) Gravina

ALSCO Cardinal identified in Paragraph 37. Larry Gravina withdrew such attempt by filing a withdrawal on or about February 8, 1998 (See Exhibit P).

45. Between November 22, 1999 and August 24, 2017, John Gravina owned and /or operated Windows and Doors Gallery, Inc. a.k.a. Gravina's Properties. The business sold windows and doors and operated in the Denver Metropolitan area. After the closing of Windows and Doors Gallery, Inc. John left the window and siding business (See Exhibit Q).

46. On or about May 15, 2003, Mike Gravina founded Gravina's Direct Windows, Inc. in the Denver Metropolitan Area. The corporation sold windows. Gravina's Direct Windows, Inc., was administratively dissolved by the Colorado Secretary of State (See Exhibit R).

47. On or about February 17, 2010, Matthew Gravina (son of Carol McElroy *née* Gravina) founded Gravina Exteriors, Inc., a corporation replacing windows, siding, replacement doors and additional exterior remodeling. Gravina Exteriors, Inc. is in good standing with the Colorado Secretary of State and presently providing services, including replacement windows, to the Denver Metropolitan Area (See Exhibit S and T).

48. On or about September 17, 2004, Gravina's WC amended its Articles of Incorporation to change the name from Gravina's Andersen Window Center, Inc. to Gravina's Window Center, Inc. ("Gravina's WC") because it no longer worked with/sold Andersen Corporation windows. At no time during this transition did Gravina's WC cease using the surname Gravina in operations and there was no interruption in business. Instead Gravina's WC became a Marvin Windows dealer and certified installer, representing all three lines of Marvin Windows: Integrity, Infinity and Marvin (See Exhibit U). Gravina's WC is one of a handful of dealers to obtain the distinction of an Infinity certification by Marvin Window dealers in the Denver

Metropolitan Area and was awarded the Top 10 award from Marvin Windows in 2016. (See Exhibit V).

49. The Plaintiff, Gravina's Siding & Windows, Co. is not a certified to install Marvin Windows.

50. Marvin Windows requires Marvin certified dealers to install its Infinity line of windows.

51. Since September 17, 2004, Gravina's WC operates as Gravina's Window Center, Inc. and uses Gravina's Window Center of Littleton a tradename (2017). James and Gail Gravina decided to pursue the additional tradename as a quality indicator.

52. On or about September 19, 2015, Gravina's Window Installation, LLC was formed by Jonathan Gravina (See Exhibit W).

53. Since December14, 2016, Gary Gravina has operated Gary Gravina's Windows, LLC which, upon information and belief, is a window and siding installation business located in the Denver metropolitan area (See Exhibit X). Gary Gravina is Larry Gravina's cousin, on his father's side. Prior to December 14, 2016, upon information and belief, Gary Gravina also holds out his business as Gary Gravina Windows of Denver and Wholesale Home Improvement (See Exhibit Y). Gary Gravina's Windows advertises that it has been providing such services for 39 years. Gary Gravina affiliates himself with the Gravina's name which he indicates is a family selling windows for over fifty years (See Exhibit Z transcript of YouTube video https://www.youtube.com/watch?v=YFWV9aP2dJw still currently posted).

54. In April 2015, Jeffrey and James Gravina partnered in Gravina's Window Service, Inc., a defendant in this action. Gravina's Window Service, Inc was originally formed to sell Beechworth Windows, which upon information and belief shut down operations in November 2018 (See Exhibit AA). Following the closing of Beechworth Windows, Gravina's Window

Service changed its window product offering and primarily focused on sales and installation of windows manufactured by Andersen.

55. Gravina's Window Service does not sell any window, door or hardware for which the surname "Gravina" identifies the source of origin of such products.

56. In summary, between 1988 and the present there have been as many as nine (9) different entities holding themselves out to the public with the Gravina surname installing and selling windows. Each of these Gravina owned or branded businesses are located in the Denver Metropolitan area.

57. Currently, six independent entities from the same lineage and surname currently conduct windows and siding installation business of various vendors in the same area: Gravina's Window Service, Gravina's ALSCO, Gravina's Siding & Windows Co., Gravina's Window Center, Inc., Gravina's Window Installation and Gary Gravina's Window Service a.k.a. Gary Gravina's Windows of Denver.

58. There are at least twelve active tradenames for window and siding services independent of Plaintiff's businesses currently active in the Denver Metropolitan Area including: Gravina Patio and Sunroom Inc.: Gravina ALSCO Cardinal Home Improvement, Inc.; Gravina's Window Center of Littleton; Gary Gravina Windows of Denver; Gravina's Window Center; Gravina's Window Service and Gravina's Window Center of Littleton.

D. FACTS RELATING TO USPTO REGISTRATION # 5,128,543
AND VARIOUS COLORADO STATE TRADEMARKS

58. On or about December 4, 2015, without consent of any other Anthony Gravina's heirs, the Plaintiff, Gravina Siding & Window, Co., submitted a "Statement of Trademark Registration of a Reporting Entity" with the Colorado Secretary of State for the trademark "Gravina's Windows" for IC 19: Non-metallic building materials (windows and window accessories).

With its application, the Plaintiff attached a printed advertisement as a specimen (See Exhibit BB).

59. On or about December 14, 2015, without consent of any of the Anthony Gravina's heirs, the Plaintiff, Gravina's Siding & Windows, Co., submitted a "Statement of Trademark Registration of a Reporting Entity" with the Colorado Secretary of State for the trademark "Gravina's" for IC 19: Non-metallic building materials (windows and window accessories. Included with its application, the Plaintiff attached a printed advertisement as a specimen (See Exhibit CC).

60. On January 16, 2016, without consent of any of Anthony Gravina's heirs, Plaintiff Gravina's Siding & Windows, Co. caused a trademark application for the Gravina's word mark to be submitted to the United States Patent and Trademark Office which was assigned USPTO Serial No. 87074461. The application upon relevant part was submitted claiming Plaintiff exclusive use as a source indicator for:

> IC 6: Non-metal windows and doors; Non-metal storm windows; Non-metal window shades; Non-metal window shutters; Non-metal window sash and sash fasteners; Non-metal widow casements; Non-metal window frames; Non-metal window jams; Non-metal windowsills; Non-metal window screens; window glass; Insulating glass for windows; Vinyl siding; wood siding; non-metal siding

> IC 19: Non-metal windows and doors; Non-metal storm windows; Non-metal window shades; Non-metal window shutters; Non-metal window sash and sash fasteners; Non-metal widow casements; Non-metal window frames; Non-metal window jams; Non-metal windowsills; Non-metal window screens; window glass; Insulating glass for windows; Vinyl siding; wood siding; non-metal siding

(See Exhibit DD). As part of the application, the Plaintiff, through its counsel, Scott Tarbox, signed the following declaration under penalty of perjury:

*…The signatory believes that: the applicant is using the mark in commerce on or in connection with the goods/services in the application; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; The signatory believes that to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or 1052(mistake, or to deceive.*

61. The Plaintiff, Gravina's Siding & Windows, Co., is not the source of the goods it identifies as listed in Paragraph 60 above.

62. The Plaintiff attached a printed advertisement as a specimen (See Exhibit DD).

63. In its application, the Plaintiff did not provide a statement that identifies that Gravina is the name of various living individuals including the owner of Gravina's Siding & Windows Co., his family, and each and every person identified in Paragraphs 13 through 20, even though such a claim is required pursuant to 37 C.F.R. §1052(a), TMEP §§813.01-813.01(c).

64. The Plaintiff's application for a federal trademark registration did not identify that the mark includes non-English wording and failed to include an English translation of that wording in order to register 37 C.F.R. §2.32(a)(9).

65. Despite the issues identified in Paragraphs 58through 64 and the requirements of Lanham Act, 15 U.S.C. §1127, USPTO Serial No. 87074461 registered on the USPTO Principal Register on January 21, 2017 for which it was assigned USPTO Reg. No. 5,128,543.

66. In print advertising, the Plaintiff admits that Gravina's is a surname claiming ("we are not affiliated with companies using the same last name") (See Exhibit EE).

67. At all relevant times, the Plaintiff committed the foregoing acts at the direction, request or authorization of Cross Defendant Larry Gravina.

## E. FACTS RELATED TO LANHAM ACT 43(a) CLAIMS

68. Neither Defendant was aware that the Plaintiff, Gravina's Siding & Windows, Co., had registered the Gravina's surname as a trademark until the Plaintiff and Larry Gravina, through counsel, threatened to enforce its "trademark" through written correspondence on or about February 21, 2018.

69. Upon information and belief, Larry Gravina either directed an agent or directly filed a takedown notice with Google to remove any Gravina's internet advertisements for which a consumer could reference using the Gravina's surname. Alternatively, Google, *sua sponte* blocked any other Gravina from advertising using the Gravina's name based on Larry Gravina's actions on securing the Gravina's mark. Accordingly, based on the actions of Larry Gravina, Google has blocked the use of the surname Gravina's for anyone except Third-Party Defendant to advertise using the Google AdWords platform.

70. In close proximity to the events articulated in Paragraphs 68 and 69 the Plaintiff, through its owner, Cross Defendant Larry Gravina, began advertising itself as "Gravina's Official Site/The Marvin Windows Experts" in Google paid advertisements (See Exhibit FF).

71. Neither the Plaintiff nor Cross Defendant are Certified by Marvin Windows as service providers for any Marvin Windows product including but not exclusively Integrity, Infinity or Marvin lines, let alone a top 10 Marvin Windows Dealer in the United States.

72. Upon information and belief, Gravina's WC is a top certified Marvin Windows installer and one of only two certified by Marvin to install its Infinity line.

73. In addition to Paragraphs 68 through 72 above, the Plaintiff, Gravina's Siding & Window's Co., through Cross Defendant Larry Gravina, continues to advertise with false and misleading claims. Among other statements, claims in the Plaintiff's print and radio/verbal advertising includes:

    a. Claims "Gravina's [Siding & Windows, Co] is into our third generation operating the business." (See Exhibit GG – last sentence, first paragraph of page two).  As the exhaustive family history stated above, that although Cross Defendant Larry Gravina has tried to attach to the name of family patriarch, Anthony Gravina, (see Paragraph 13) to Plaintiff's business, Anthony Gravina had no involvement in the Plaintiff's business, and in fact was operating a competitive business until his retirement  (See Exhibit I).

    b. Claims that it has been in operations for more than fifty years.  (Compare to Complaint Paragraph III) (See Exhibit HH).

    c. Claims that is the "Real Gravina's Windows" in contrast to the plethora of individuals named Gravina's selling similar or better-quality products in the Denver Metropolitan Area. (See Exhibit II).

    d. Claims that its website as the "Official" Gravina's website while at least five other Gravina's websites advertising same or comparable services in the Denver Metropolitan Area.

    e. Claims that any other window and siding business named Gravina are "imposters" on radio ads (See Exhibit MM).

74. The Plaintiff and through the actions of Larry Gravina has made misrepresentative claims through Google Ads on the Google search landing page for James Gravina, Gail Gravina, Michael Gravina, Jake Gravina and Jonathan Gravina who commercially compete with the Plaintiff, with the purpose of influencing customers to buy Plaintiff's lower quality goods or services (See Exhibit JJ).

75. On or about February 15, 2019, the Plaintiff, through a representative named Russel Evans, made a representation that Gravina's Siding & Windows, Co, does not make or install its own windows.

76. On videos on an unknown date that are posted on Google, the Plaintiff indicates it is a window and siding contractor.  In legal pleadings, the Plaintiff, Gravina's Siding & Windows, Co., has held itself out as a window contractor (See Exhibit KK).

77. Upon information and belief, every business that held itself out with the Gravina name since 1967 has engaged in extensive advertising (appropriate for the times) including yellow pages, print advertising, radio and/or internet advertising.

78. Upon information and belief, the Plaintiff, Gravina's Siding and Windows Co. has not and does not brand third-party window and siding product as Gravina's.

## IV.    CLAIMS FOR RELIEF BASED ON FEDERAL JURISDICTION

### A.  FIRST CLAIM FOR RELIEF
### DECLARATION OF NON-INFRINGEMENT

79. The allegations contained in the foregoing paragraphs are repeated and hereby incorporated herein.

80. The Defendants are entitled to seek a declaration to use the surname Gravina for retail store services featuring replacement windows and doors, and home siding, including those made of

wood, vinyl and metal and for Installation of windows, doors, and home siding, including those made of wood, vinyl and metal pursuant to 28 U.S.C. §§ 2201 and 2202.

B.  SECOND CLAIM FOR RELIEF
FALSE ADVERTISING

81. The allegations contained in the foregoing paragraphs are repeated and hereby incorporated herein.

82. Based on the facts alleged in paragraphs 68 through 78, the Defendants believe that they are and will continue to be damaged by the acts of the Plaintiff and the Cross Defendant, in violation of 43(a) of the Lanham Act, 15 U.S.C. §1275.

83. The Plaintiff, through the actions of the Cross Defendant, Larry Gravina, has made false claims of fact in radio, print and internet advertising which have created a false impression that the Defendants' services are those of a scammer or grifter of Plaintiff.   Such false claims of fact both have and are likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that services of Defendants either are or should be services of the Defendant Gravina's Window Service.

84. The Plaintiff, Gravina Siding and Windows Co. has made false comparative claims which have created a false impression which both have and are likely to deceive consumers in the Denver Metropolitan Area as to the origin, source, sponsorship, or affiliation of the Plaintiff's services, and is likely to cause consumers to believe, contrary to fact, that the Plaintiff's goods or services are that of Defendants .

85. Upon information and belief, the conduct of the Plaintiff and Cross Defendant as alleged herein is willful, is intended to and is likely to cause confusion, mistake, or deception as to the

affiliation, connection, or association of the business of the Plaintiff and Cross Defendant with the Defendants.

86. The conduct of the Plaintiff and Cross Defendant as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

87. The conduct of the Plaintiff and Cross Defendant as alleged herein is causing immediate and irreparable harm and injury to Defendants, and to their goodwill and reputation, and will continue to both damage the Defendants and confuse the public unless enjoined by this Court. The Defendants have no adequate remedy at law.


C. THIRD CLAIM FOR RELIEF
MISREPRESENTATION

88. The allegations contained in the foregoing paragraphs are repeated and hereby incorporated herein.

89. The conduct of the Plaintiff and Cross Defendant as alleged in Paragraphs 83 through 87 when applied to the remaining factual allegations contained in this Complaint constitutes misrepresentation by word in violation of Section 43(a) (1)(B) of the Lanham Act, 15 U.S.C. § 1125(a).

90. The Defendants are entitled to, among other relief, injunctive relief and an award of the profits of the Plaintiff and Cross Defendant, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

D. FOURTH CLAIM FOR RELIEF:
CANCELLATION

91. The allegations contained in the foregoing paragraphs are repeated and hereby incorporated herein.

92. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the Court has jurisdiction regarding the registration and cancellation of trademarks.

93. In the instant matter, there are numerous grounds for the Court to cancel the Plaintiff's trademark.

1. <u>Primarily Merely a Surname</u>

94. The Plaintiff's federal trademark registration for the Gravina's word mark should be cancelled because it is primarily merely a surname under 15 U.S.C. § 1052(e)(4).

95. Gravina is the surname of Cross Defendant Larry Gravina, who is upon information and belief the only shareholder of the Plaintiff, Gravina's Siding & Windows Co.

96. Besides being the cognomen of the Cross Defendant, Gravina is merely the surname of every individual listed with the Gravina's surname herein, including but not exclusively, all the decedents or sibling's decedents of Anthony Gravina who bear Gravina as a surname and have also used their surname to further their service businesses interests related to windows and siding. None were approached or authorized their name being utilized by Larry Gravina or the Plaintiff, for their exclusive use as a trademark for the Plaintiff's businesses.

97. The structure and pronunciation, as well as history largely available on the internet, generally lead to an assumption by the public that Gravina's is a surname.

98. Upon information and belief, the term "Gravina's" has no other recognized meaning in the English language.

99. There is no context to use of the Gravina's mark which would suggest that is not merely a surname or has acquired distinctiveness.

100. Neither the Plaintiff nor the Cross Defendant has ever used Gravina's as a trademark as a source indicator for Plaintiff Gravina Siding and Windows, Co.'s "goods," which is one reason that Plaintiff has not acquired distinctiveness for Gravina's in connection with Plaintiff's Goods.

101. Based on Paragraphs 95 through 100 the Third-Party Plaintiffs would pray that the Court order the United States Patent and Trademark Office to cancel USPTO Reg #5,128,543.

2. <u>Non-Use</u>

102. Upon information and belief, Plaintiff Gravina's Siding and Window, Co. was not using "Gravina's" as a source indicator in connection with any of the Plaintiff's "goods" at the time the Registration issued because Plaintiff Gravina's Window & Siding, Co. has never used the source of origin for the goods it has identified in its registration.

103. Upon information and belief, the Plaintiff has never used "Gravina's" as a source indicator for the goods claimed under the Gravina's surname.

104. Neither the Plaintiff's website nor the specimen submitted in support of the Registration shows use of Gravina's in connection with any of Plaintiff's Goods. The Plaintiff has never shown Gravina's as a trademark used in commerce for the goods at issue as required by 15 U.S.C. §1058(b); 37 C.F.R. §2.161(g).

105. Specifically, on June 16, 2016 in the proceeding related to Plaintiff's USPTO Trademark Application, the Plaintiff submitted a 'Newspaper advertisement" to demonstrate use of Gravina's for Plaintiff's Goods (see Exhibit DD).

106. A newspaper advertisement cannot show the mark in use in commerce for the goods at issue and thus should not have been accepted by the Examining Attorney (advertising material in a newspaper or other general circular are not acceptable specimens of use. TMEP 904.04(b)

citing *In re Chicago Rawhide Mfg. Co.*, 455 F.2d 563, 173 USPQ 8 (C.C.P.A. 1972*); In re Bright of Am.*, 205 USPQ at 65; *Upco Co. v. Speed Crete of La., Inc.*, 154 USPQ 555 (TTAB 1967); *Dynacolor Corp. v. Beckman & Whitley, Inc.*, 134 USPQ 410 (TTAB 1962); *Pendleton Woolen Mills v. Eloesser-Heynemann Co.*, 133 USPQ 211 (TTAB 1962); *Varian Assocs. v. IMAC Corp.*, No. 66 C 1446, 1968 U.S. Dist. LEXIS 8845 (N.D. Ill. Nov. 8, 1968).  See also *In re Valentine Inc.,* 84 USPTQ 2d 1346 (TTAB 2007)).

107. Upon information and belief, Plaintiff could not submit such specimen because it made no *bona fide* use in commerce of Gravina's as a trademark in connection with Plaintiff's Goods prior to the filing of Plaintiff's Application.

108. Thus, the Registration is *void* under Trademark Act 1(a), 15 U.S.C. § 1051(a) *ab initio*.

109. Based on Paragraphs 102 through 108 and the related facts, the Third-Party Plaintiffs would pray that the Court order the United States Patent and Trademark Office to cancel USPTO Reg #5,128,543.

### 3. Abandonment of Use

110. In the alternative to Paragraphs 95 through 109 related to the facts, upon information and belief, and based on the date of first use claimed by the Plaintiff in its federal trademark application, its website, and in the specimen of use Plaintiff submitted in support of its application for the Registration (See Exhibit DD), the Plaintiff has not used Gravina's as a trademark in connection with any of the Plaintiff's Goods for a period of at least three consecutive years.

111. Based on Paragraph 110 and related facts, the Defendants would pray that the Court order the United States Patent and Trademark Office to cancel USPTO Reg #5,128,543.

### 4. Priority

112. Upon information and belief, to the extent that the Court considers Gravina's a trademark, the Plaintiff did not use Gravina's as a source identifier of goods or services prior to James Gravina, co-owner of Defendant Gravina's Window Service, and his spouse, Gail Gravina, who have used the GRAVINA'S surname as a trademark since 1973, long prior to Third-Party Defendant's Gravina Siding and Windows Co.'s earliest claimed date of first use.

113. The Registration should be cancelled because it consists of or comprises a mark which is identical to James Gravina's "Gravina's" mark, when used in connection with Plaintiff's goods, to cause confusion, mistake, or deception within the meaning of 15 U.S.C. 1052(d), and to cause damage to Defendant Gravina's Window Service.

114. Based on Paragraphs 112 and 113 and related facts, including James Gravina's ownership interest in Defendant Gravina's Window Service, the Third-Party Plaintiffs would pray that the Court order the United States Patent and Trademark Office to cancel USPTO Reg #5128543.

### 5. Abandonment-Failure to Police Trademark Rights

115. Pursuant to Section 45 of the Lanham Act, 15 U.S.C. §15 U.S.C. 1127(b), "a mark shall be abandoned…(b) (w)hen any course of conduct of the registrant including acts of omission…causes the mark to lose its significance as an indication of origin."

116. Between July 17, 1988 (the date the Plaintiff claims first use) and 2018, the Plaintiff failed to police trademark rights against many who have been using the name Gravina in branding window and siding services including Anthony Gravina, James Gravina, John Gravina, Jean Gravina, Matthew Gravina, Mike Gravina, Gary Gravina, Gravina's ALSCO, Gravina's Construction, Gravina's Home Improvement Center, Gravina's Patio and Sunrooms Inc., Gravina ALCSO Home Improvement, Windows and Door Gallery, Inc. a.k.a. Gravina's

Properties; Gravina's Anderson Window Center, Inc., Gary Gravina's Window Service, Gary Gravina's Window Service of Denver and Gravina's Exteriors Inc.

117. Such failure to police the mark in tandem with the weakness of the surname trademark has caused any Gravina's trademark owned by the Plaintiff, to the extent it was ever a trademark, lose all significance as an indication of origin.

118. Based on Paragraphs 115 through 117, the Third-Party Plaintiffs would pray that the Court order the United States Patent and Trademark Office to cancel USPTO Reg #5128543.

## V. CLAIMS FOR RELIEF BASED ON SUPPLEMENTAL JURISDICTION
### A. VIOLATION OF THE COLORADO
### CONSUMER PROTECTION ACT – **C.R.S. § 6-1-101 *et. seq.***

119. The allegations contained in the preceding paragraphs are repeated and hereby incorporated herein.

120. As detailed in paragraphs 68 through 78 herein, the Plaintiff and Cross Defendant have engaged in deceptive trade practices in violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101 et. seq. through their use of the Gravina surname in online, print and other advertisements of Plaintiff; in statements made in advertisements regarding other Gravina-named businesses being "imposters;" and in demanding Google AdWords prevent other Gravina-named businesses from utilizing the Google AdWords service.

121. Defendant Jeffery Gravina owns or maintains real property, and as such is a potential consumer for windows, doors and related hardware, and window and door installation services.

122. The Defendants are entitled to seek recovery of damages under C.R.S. § 6-1-113(1)(c), as deceptive trade practices identified herein injured the Defendants during the course of the Defendants operating their business.

123. The use of the Gravina's surname by the Plaintiff and Cross Defendant in connection with the marketing, advertising, and performance of the sale and installation of windows, doors and related hardware is likely to cause confusion amongst potential customers for window and door services in the Metropolitan Denver Area.

124. The use of the Gravina's surname by the Plaintiff and Cross Defendant in connection with the marketing, advertising, and performance of the sale and installation of windows, doors and related hardware has actually caused consumer confusion in the marketplace for window and door, and related installation services. (Exhibit LL).

125. The unfair and deceptive trade practices were made by the Plaintiff and Cross Defendant in the course of its business, vocation and occupation.

126. The acts of the Plaintiff and Cross Defendant described herein have significantly impacted the public as actual or potential consumers of the window and door and installation services and caused confusion for such customers or potential consumers.

127. The Plaintiff and Cross Defendant intended to and continues to induce customers to pay for Plaintiff Gravina's Siding & Windows, Co.'s products or services by utilizing the unfair or deceptive trade practices alleged herein.

128. Upon information and belief, the acts of the Plaintiff and Cross Defendant to assert control over the Gravina surname have been knowing, deliberate, and willful, and have been and continues to intend to cause confusion or mistake, or to deceive customers and potential customers of windows, doors, related hardware and installation services.

129. The unfair and deceptive trade practices of the Plaintiff and Cross Defendant complained of above has permitted and will continue to permit the Plaintiff and Cross Defendant to enjoy substantial profits.

130. As a direct and proximate result of the unfair and deceptive trade practices of the Plaintiff and Cross Defendant as alleged in paragraphs 120 through 129 herein, the Defendants, through businesses owned or controlled by them, will be deprived of substantial sales, in an amount that, as of the date of this pleading is unknown.

131. The unfair and deceptive trade practices identified in paragraphs 120 through 129 herein have and continue to damage the value of the Gravina surname as a source of windows, siding and doors installation services.

132. There is no adequate remedy at law for the Defendants, and accordingly, the Defendants seek and are entitled to, injunctive relief against the Plaintiff and Cross Defendant.

## B. COMMON LAW UNJUST ENRICHMENT

133. The allegations contained in the preceding paragraphs are repeated and hereby incorporated herein.

134. The parties identified in the case caption are either for themselves as individuals, or in the case of business entities are owned by persons bearing the surname of Gravina.

135. The parties to this lawsuit, or their owners derive their rights, if any, in the surname Gravina due to their common ancestor Anthony Gravina.

136. The acts of the Plaintiff and Cross Defendant complained of herein are intended to exercise exclusive rights or control over the use of the Gravina family's surname, to the exclusion of other family members whose rights are at least equal to, if not superior to those of the Plaintiff and Cross Defendant.

137. Neither the Plaintiff nor the Cross Defendant has compensated the Defendants for the attempted assumption of exclusive rights in the surname Gravina, and it would be unjust for

the Plaintiff and Cross Defendant to continue to assert exclusive control over the Gravina surname without compensation to the Defendants.

138. Accordingly, the Defendants are entitled to judgment in their favor and against the Plaintiff and Cross Defendant under a theory of common law unjust enrichment.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, the Defendants, Jeffrey Gravina and Gravina's Window Service, pray for judgment against Plaintiff Gravina Siding & Windows, Co. and Defendant Larry Gravina as follows:

A.  For an award of Third-Party Defendants' profits in an amount to be proven at trial for the false designation of origin and for unfair competition under 15 U.S.C. § 1125(a);

B.  For an Order from this Court declaring that the Defendants' uses of the Gravina family name, in connection with retail store services featuring replacement windows and doors, and home siding, including those made of wood, vinyl and metal, and for installation of windows, doors and home siding, including those made of wood, vinyl and metal, does not infringe upon any federal or common law trademark rights of the Plaintiff, pursuant to 28 U.S.C. §§ 2201 and 2202;

C.  An order restraining the Plaintiff and Cross Defendant from making public, false comparative claims as to the origin, source, sponsorship or affiliation of the Third-Party Defendants' business or products and that of the Defendants; and from taking unfair competitive actions against the Defendants, including but not exclusively issuing takedown notices to search engine and search engine companies (e.g. Google, Facebook, Yelp) against any of the Third-Party Plaintiffs;

D. Injunctive relief and an award of the profits of the Plaintiff and Cross Defendant, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest regarding the allegations contained in this Counterclaim and Cross Claim;

E. An order canceling USPTO Reg #5128543, pursuant to 15 U.S.C. § 1119, on grounds that (i) the Plaintiff's trademark is primarily, merely a surname; (ii) the mark should be canceled for non-use or the Plaintiff has abandoned its trademark; (iii) that there are superior priority claims to the Gravina's trademark and/or (iv) to the extent the Gravina's mark is valid, the Plaintiff has failed to police its mark.

F. For an award of statutory damages, costs and attorney fees, pursuant to C.R.S. §6-1-113;

G. For an award of damages regarding the Third-Party Plaintiffs' claims for Unjust Enrichment;

H. An order compelling Plaintiff and Cross Defendant to file with this Court and to serve upon all other parties, within thirty (30) days after the entry and service on Plaintiff and Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Plaintiff and Cross Defendant have complied with the injunction;

I. For an award of exemplary or punitive damages in an amount to be determined by the Court;

J. For an award of pre-judgment interest and post-judgment interest as allowed by law; and

K. Granting such other and further relief as this Court may deem just and proper.

s/ Thomas P. Walsh, III
_____
Thomas P. Walsh, III
T. Walsh Law Firm, Ltd.
7350 E Progress Place, Ste. 100
Greenwood Village, CO 80111
(T) 720-204-5672
(F) 720-240-0757

*Counsel for Defendants/Cross Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2019, a true and correct copy of the foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, via the Court's ECF system. Counsel of record has indicated he will also be counsel for Cross-Claim Defendant Larry Gravina.

s/ Thomas P. Walsh, III

Thomas P. Walsh, III

# Index of Exhibits

## Exhibit A
Wikipedia Download ................................................... 4

## Exhibit AA
Beesworth Window Articles........................................11

## Exhibit B
Gravina meaning ....................................................... 4

## Exhibit BB
GSW CO TM filing 12.4.15........................................13

## Exhibit C
Gravina Wine Download............................................. 4

## Exhibit CC
GSW CO TM filing 12.14.15.......................................13

## Exhibit D and E
Census Info ................................................................ 4

## Exhibit DD
GSW USPTO TM App .................................. 14, 21, 22

## Exhibit EE
GSW Printed Ad .......................................................15

## Exhibit F
History of Gravina Surname ...................................... 4

## Exhibit FF
GSW Marvin Expert Ad .............................................15

## Exhibit G
Wikipedia Download - Denver Metro ......................... 6

## Exhibit GG
GSW Website Dec 2018...............................................16

## Exhibit H
Gravina Family Tree................................................... 6

## Exhibit HH
GSW Printed Ad ........................................................16

## Exhibit I
Anthony Gravina Obit............................................6, 16

## Exhibit II
GSW Twitter Page .....................................................16

## Exhibit J
Phone Book Ad........................................................... 7

## Exhibit JJ
Google Search of Gravina Family Member Names .....17

## Exhibit K
ALSCO Business Records ............................................ 7

## Exhibit KK
Arapahoe Cnty Court Filing........................................17

## Exhibit L
Gravina HIC Ad ......................................................... 7

## Exhibit LL
GWC Yelp Pages ......................................................25

## Exhibit M
US National CO SOS Record ...................................... 8

## Exhibit MM
GSW Radio Ad Transcript...........................................16

## Exhibit N
L. Anthony Gravina Ad............................................... 9

## Exhibit O
GSW Name Change .................................................... 9

## Exhibit P
ALSCO Tradename Withdrawal ................................10

## Exhibit Q
Gravina Properties SOS.............................................10

## Exhibit R
Gravina Direct SOS ..................................................10

## Exhibit S and T
Gravina Exterior Information ....................................10

## Exhibit U
Marvin Online Listing................................................10

## Exhibit V
2016 Marvin Award....................................................11

## Exhibit W
Gravina Installations SOS..........................................11

## Exhibit X
Gary Gravina SOS .....................................................11

## Exhibit Y
Gary Gravina website ...............................................11

## Exhibit Z
YouTube Video Transcript..........................................11